## IRVINE v. WISE.

FISH, J.　1. A counter-affidavit interposed to the levy of a distress warrant need not in any event state that the levying officer retained possession of the property.

2. Were it otherwise, the affidavit would be amendable so as to make it allege that such was the fact, and the right to amend would not be lost because, some time after accepting the counter-affidavit and suspending further proceedings under the levy, the officer permitted the defendant to give a forthcoming bond and surrendered to him the possession of the property.

3. Whether a levying officer's acceptance of a forthcoming bond and allowing the defendant to take possession of the property, at the time he files his counter-affidavit, should be treated as being the same in effect as if the officer had retained personal custody of the property, and therefore as dispensing with the necessity of giving a bond for the eventual condemnation-money, or whether under such circumstances the failure to give the latter bond would be cause for dismissing the counter-affidavit, is not now decided, the present record not distinctly presenting this question for adjudication.

*Judgment reversed. All the Justices concurring.*

Submitted June 17, — Decided July 28, 1897.

Distress warrant. Before Judge Felton. Bibb superior court. November term, 1896.

A distress warrant was sued out and levied on personalty; and defendant filed a counter-affidavit. Two months thereafter, he gave to the levying officer a bond conditioned to have the property forthcoming to answer any judgment that might be rendered in said cause. At the trial, plaintiff moved to dismiss the counter-affidavit, because no bond for the eventual condemnation-money had been given. Defendant contended that the property yet remained in the hands of the levying officer, though deposited with defendant. The judge ruled that the counter-affidavit should have alleged that the property remained with that officer; whereupon defendant moved to amend his counter-affidavit by so alleging; but the amendment was rejected, and the motion to dismiss was sustained.

*H. F. Strohecker*, for plaintiff in error.
*Anderson & Jones*, contra.